BART M. BOTTA, CA State Bar No. 167051
JING TONG, CA State Bar No. 285061
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile:  (949) 752-0953
Bart@rjlaw.com, Jing@rjlaw.com

Attorneys for Plaintiff,
DELTA SPACE CORP. DBA CONTINENTAL PROCESSORS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTA SPACE CORP. DBA CONTINENTAL PROCESSORS., a corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMAN FOODS LLC., a limited liability company;   and   NELSON   LEE,   an individual;<br><br>                    Defendant. | CASE NO. 2:16-cv-9599<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br>**1.  BREACH OF CONTRACT;**<br>**2.  ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>**3.  VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>**4.  BREACH OF FIDUCIARY DUTY** |

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

Plaintiff DELTA SPACE CORP. dba CONTINENTAL PROCESSORS., a corporation, complains and alleges as follows:

## I.

## JURISDICTION AND VENUE

1.     This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.     Plaintiff DELTA SPACE CORP. dba CONTINENTAL PROCESSORS ("CONTINENTAL") is and during all times herein has been a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of Los Angeles.

3.     Plaintiff is informed, believes and thereon alleges that Defendant COMAN FOODS LLC ("COMAN") is and during all times relevant herein was a corporation with its principal mailing address of 3305 E. Vernon Ave., Vernon, CA 90058.

4.     Plaintiff is informed, believes and thereon alleges that Defendant NELSON LEE ("NL"), is an individual who during all times material herein was an officer, director, and/or shareholder of COMAN, and who maintains a principal place of business located in the City of Vernon, State of California.

5.     NL is sometimes referred to herein as "the Individual Defendant."

6.     COMAN and the Individual Defendants are referred to collectively herein as "Defendants."

7.     Plaintiff is informed, believes and thereon alleges that the Individual Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during times relevant herein were responsible for the daily management and control of COMAN and who are and during relevant times herein were statutory trustees under the PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

/ / /

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant COMAN)

8.     Plaintiff  hereby  realleges  and  incorporates  by  reference  paragraphs 1 through 7 inclusive, of this Complaint as though fully set forth herein.

9.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, COMAN was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

10.     Between on or about April 13, 2016 and August 4, 2016, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities to Defendant COMAN at said Defendant's request, for which said Defendant agreed to pay CONTINENTAL in the principal amounts at least as great as the sum of $24,638.46.

11.     At or about the date of each transaction described above, Plaintiff forwarded to Defendant COMAN invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities, cumulatively totaling $24,638.46.

12.     Plaintiff has repeatedly demanded that Defendant COMAN pay the amounts due and owing under the invoices.  However, said Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

13.     Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

14.     As a direct and proximate result of the failure of Defendant COMAN to remit payment due to Plaintiff as described above, Plaintiff has suffered cumulative

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

losses in the amount of at least $24,638.46, plus recoverable attorney's fees and interest at the highest legal rate.

## III.

### SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

15.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14, inclusive of this Complaint as though fully set forth herein.

16.     Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

17.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

18.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendant, Plaintiff became a beneficiary of a floating, non-segregated statutory trust on all of Defendant's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

19.     Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $24,638.46 as separately set forth above, for the perishable agricultural commodities sold to Defendant COMAN, all of which remains past due and unpaid.

20.     Plaintiff is informed and believes for the reasons alleged herein above, that Defendants and each of them are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

4

made to Plaintiff.  Plaintiff is informed and believes and thereon alleges  that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

21.    Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

22.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $24,638.46, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust.

## IV.

### THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)

23.    Plaintiff  hereby realleges and incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

24.     Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

25.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative loss of $24,638.46 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and interest in amounts to be determined.

## V.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty Against All Defendants)

26.     Plaintiff  hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

27.     Plaintiff is informed, believes and thereon alleges that during times relevant to this action, the Individual Defendants were the controlling officers, directors, members, and/or shareholders of Defendant COMAN.

28.     As the controlling officers, directors, members, and/or shareholders of Defendant COMAN, the Individual Defendants, and each of them, had and continues to have a duty to ensure that Defendant COMAN fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

29.     Plaintiff is informed, believes and thereon alleges that during times herein the Individual Defendants had full knowledge and responsibility for the handling of Defendant COMAN duties as trustees of the PACA trust.

30.     Plaintiff is informed, believes and thereon alleges that the Individual Defendants controlled or had and continue to have a duty to control Defendant COMAN's operations and financial dealings, including those involving the PACA Trust Assets.

31.     Plaintiff is informed, believes and thereon alleges that Defendant COMAN breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

32.     Plaintiff is informed, believes and thereon alleges that the Individual Defendants breached their fiduciary duties to direct Defendant COMAN to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce they supplied to Defendants.

33.     As a direct and proximate cause and result of the Defendant COMAN and the Individual Defendants' breach of their fiduciary duties, Plaintiff has incurred damages in the cumulative amount of at least $24,638.46 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

34.     As statutory PACA trustees, the Individual Defendants are jointly and severally personally liable to Plaintiff for the breach of fiduciary duty in dissipating the PACA trust to the extent of $24,638.46, less any monies Plaintiff receives from the PACA Trust Assets.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION
### (For Breach Of Contract)

1.     For damages in the cumulative amount of $24,638.46 as against Defendant COMAN;

2.      For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the combined amount of $24,638.46 as against Defendants;

2.      For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

1.      For damages in the combined amount of $24,638.46 as against Defendants;

2.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $24,638.46 as against Defendants, jointly and severally;

3.      For interest at the highest legal rate from the date the obligation became due and  payable to Plaintiff; and,

4.      For attorney's fees as deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty)

1.      For judgment, jointly and severally, against the Individual Defendants and in favor of the Plaintiff in the cumulative amount of $24,638.46;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2.    For interest at the highest legal rate from the date each invoice became past due, less any monies received from Defendants;

3.    For reasonable attorneys' fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

RYNN & JANOWSKY, LLP


DATED:  December 28, 2016          By:    /s/ Jing Tong
                                          JING TONG, Attorneys for Plaintiff
                                          DELTA SPACE CORP. DBA
                                          CONTINENTAL PROCESSORS

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953